UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20909-WILLIAMS/REID

ZAIDA CALERO,

    Plaintiff,

v.

CITY WATCH PROTECTIVE SERVICES, INC.,

    Defendant.

_____/

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant, City Watch Protective Services, Inc.'s ("Defendant" or "City Watch") Motion to Dismiss for Failure to State a Claim (the "Motion"), [ECF No. 4], Plaintiff, Zaida Calero's ("Plaintiff" or "Calero") Complaint [ECF No. 1-1]. This cause was referred to the Undersigned by the Honorable Kathleen M. Williams for a Report and Recommendation. [ECF No. 6]. For the reasons discussed below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

## BACKGROUND

Plaintiff filed this action in state court seeking damages for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). [ECF No. 1-1 at 2]. Defendant filed a Notice of Removal with this Court because Plaintiff's FLSA claim presents a federal question. *See* 28 U.S.C. §§ 1331, 1441(a); [ECF No. 1 at 2].

1

Plaintiff worked for Defendant from May 1, 2018, to October 1, 2020 in an unspecified role. [ECF No. 1-1 at 2]. While the nature of Defendant's business is unspecified, Plaintiff states Defendant is authorized to conduct business in Miami-Dade County where Plaintiff worked. [*Id.* at 1]. Defendant allegedly did not pay Plaintiff for an unspecified amount of overtime and "straight time hours" despite multiple requests resulting in "false promises and bad checks." [*Id.* at 2]. Defendant also "failed to pay Plaintiff the agreed upon amount of money promised," although it "had or should have had full knowledge of all hours worked by Plaintiff." [*Id.*]

According to the Complaint, "Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported across state lines from other states." [*Id.*] Defendant also "obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce." [*Id.* at 2–3]. Plaintiff further alleges "Defendant's annual gross revenue exceeded $500,000 per annum on its own or as part of a joint enterprise . . . ." [*Id.* at 3].

According to Defendant, the Complaint insufficiently alleges individual and enterprise coverage under the FLSA because Plaintiff does not "state any facts—beyond boilerplate allegations—that could support her conclusions." [ECF No. 4 at 1, 6–8]. Specifically, the Complaint lacks facts about Plaintiff's position or employment responsibilities to show she was engaged in interstate commerce for individual coverage under the FLSA. [*Id.* at 6]. As to enterprise coverage, Defendant argues the Complaint is missing information about Defendant's business activities or what out-of-state goods or materials its employees handled. [*Id.* at 8]. Finally, Plaintiff failed to state a claim by alleging unpaid "overtime **and or straight time hours**" because straight-

time hours are not recoverable under the FLSA, and "it is unclear whether Plaintiff claims unpaid overtime or unpaid straight time." [*Id.* at 10] (emphasis in original).

In response, Plaintiff argues the pleading requirement for FLSA cases is "straightforward." *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008); [ECF No. 6 at 2–3]. Following that standard, Plaintiff states she sufficiently alleged enterprise coverage because Defendant engages in commerce through its employees, its business activities are covered by the FLSA, and nearly every business satisfies the annual dollar volume requirement. [*Id.* at 5–6]. In addition, Plaintiff argues her request for overtime and/or straight-time hours is allowed as an alternative claim for relief under Federal Rule of Civil Procedure 8(d). [*Id.* at 7–8]. Plaintiff did not address Defendant's arguments on insufficient allegations of individual coverage under the FLSA. The issue is now ripe for review.

## **LEGAL STANDARD**

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. During this process, the court must take

3

the plaintiff's factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Britt v. Carnival Corp.*, 580 F. Supp. 3d 1211, 1213 (S.D. Fla. 2021).

## DISCUSSION

An employee is eligible for overtime wages if he or she is covered by the FLSA in one of two ways. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). First, "an employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce." *Id.* (citations and quotations omitted). "Second, an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Id.* at 1298–99 (quoting 29 U.S.C. § 207(a)(1)). Enterprise coverage also requires the enterprise to have a gross volume of revenue of at least $500,000. *Id.;* 29 U.S.C. § 203(s)(1)(A)(ii). In either type of coverage, "an FLSA plaintiff need not do much. Aside from stating the nature of his work and the nature of his employer's business, he must provide only straightforward allegations connecting that work to interstate commerce." *Nodell v. Nicky's Rest. Equpment LLC*, No. 0:22-CV-62164-AUGUSTIN-BIRCH, 2023 WL 185480, at *4 (S.D. Fla. Jan. 13, 2023) (internal citation omitted).

In this case, Plaintiff alleged she worked for Defendant from May 2018 to October 2020. However, Plaintiff did not provide a minimum amount of information to show coverage under the FLSA. The Complaint did not include other facts about her employment for Defendant or its type of business operations. *See id.*; [ECF No. 1-1 at 2–3]. Yet, Plaintiff argues Defendant is an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r),(s), and its business activities are covered by the FLSA and thus Plaintiff's work involved commerce. [*Id.*; ECF No. 10 at 5].

While Plaintiff alleged Defendant regularly engaged in commerce or in the production of goods for commerce and its gross revenues exceeding $500,000 annually (as required by the

FLSA), she failed to "plead any facts which show *how* either she or [City Watch] engaged in any form of interstate commerce." *White v. J.A.W. Ent., Inc.*, No. 23-CV-21260-SEITZ, 2023 WL 4763746, at *2 (S.D. Fla. July 26, 2023) (emphasis in original); [ECF No. 1-1 at 2–3]. Although detailed factual allegations are not required, Plaintiff must still "plead sufficient facts which connect [City Watch's] business or her participation in [its] business to interstate commerce." *Id.* The Complaint, as plead, is devoid of facts to establish this connection and show the plausibility of Plaintiff's claim. *Id.*; *Iqbal*, 556 U.S. at 678–79. Therefore, Plaintiff insufficiently plead individual and enterprise coverage under the FLSA.

Finally, the Complaint states "Plaintiff worked unpaid overtime hours and or straight-time hours for which no compensation was received." [*Id.* at 2]. While Plaintiff argues her request for straight-time hours is an alternative claim for relief under Federal Rule of Civil Procedure 8(d), she does not explain further its legal basis. [ECF No. 7–8]. The FLSA provides relief for overtime or minimum wages. See, e.g., *Debose v. Health*, No. 08-61411-CIV, 2009 U.S. Dist. LEXIS 117509, at *29 (S.D. Fla. Dec. 17, 2009) ("In addition, the Court notes that, aside from its minimum wage provisions (which Plaintiffs do not rely upon), the FLSA does not guarantee compensation for non-overtime work hours."). Thus, Plaintiff's claim for "straight-time hours" is not a plausible claim for relief. *See Iqbal*, 556 U.S. at 678–79. The Complaint should be dismissed because Plaintiff failed to state a claim for relief.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant City Watch's Motion to Dismiss [ECF No. 4] be **GRANTED,** and that Plaintiff's Complaint [ECF No. 1-1] be **DISMISSED WITHOUT PREJUDICE**.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 15th day of August 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **All Counsel of Record**